The STATE of Ohio, Appellant,

v.

WALKER, Appellee.

[Cite as *State v. Walker* (1993), 90 Ohio App.3d 132.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65050.

Decided Aug. 30, 1993.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Stephen L. Miles*, Assistant Prosecuting Attorney, for appellant.

*Hyman Friedman*, Cuyahoga County Public Defender, and *Beverly J. Pyle*, Assistant Public Defender, for appellee.

---

*Per Curiam.*

Plaintiff appellant state of Ohio appeals the trial court's order granting the motion to suppress evidence filed by the defendant appellee Darren Walker. Walker was indicted for violation of one count of the drug law, R.C. 2925.11.

Appellee pled not guilty, and subsequently filed his motion to suppress. The trial court granted the motion, and the state timely filed its appeal.

The appellant sets forth one assignment of error:

"The trial court erred in granting the defendant's motion to suppress on the basis that the police officers did not have reasonable suspicion to stop the defendant."

At the hearing on the motion to suppress, Cleveland Police Officer Bobby Rose testified he has been a police officer for five years. In the year preceding his testimony, Officer Rose made approximately two hundred arrests, the majority for possession of drugs.

Officer Rose stated that there had been many, many complaints over the years of drug dealing at the specific location of 9251 Hough Avenue. These complaints were from members of Cleveland City Council, from citizens, and from the residents in the area. Their problem was so severe, that in January or February 1991, a "no loitering" sign was placed directly over the door at this address. Officer Rose testified that in the past month he and his partner, Officer Louis Noel, made approximately twenty arrests at that exact location.

On the evening of February 11, 1992, Officer Rose was patrolling the area. Between 1:45 and 2:00 a.m., he observed the appellee and two other males loitering in front of 9251 Hough Avenue. He and his partner intended to pull up, ask them if they were residents of the area, and, if not, to warn them to leave. Officer Rose, who was driving, stayed in the car, while Officer Noel exited the car and approached the men. The men turned quickly and walked towards the building. Officer Rose drove to the rear of the building, and exited the zone car. Through the window of the back door, he saw the appellee run through the basement hallway of the building. As they exited the rear door, he had his weapon drawn, and ordered them to place their hands on a nearby fence. When Officer Noel arrived, they conducted a pat-down search for weapons, and placed the men in the back of the zone car.

When asked if he found anything as a result of the search, the officer replied:

"A. Yes. On the defendant, in his right watch pocket, we found an object foreign to us on the pat down. We pulled it out, and it was a piece of a glass pipe containing what we suspected to be crack cocaine residue. At that time, we placed him under arrest for violation of state drug law and continued our pat down."

"At this time, we were searching for any items that would go with it. We found one rock, I think, of suspected crack cocaine in the same watch pocket and two to three more rocks in his right rear pants pocket."

The only issue before this court is whether the police officers had probable cause to stop the appellee. In *State v. Bobo* (1988), 37 Ohio St.3d 177, 178–179, 524 N.E.2d 489, 491, the Ohio Supreme Court stated:

"The appellant, state of Ohio, contends that the officers had a reasonable suspicion to stop Bobo under the guidelines found in *Terry v. Ohio* (1968), 392 U.S. 1 [88 S.Ct. 1868, 20 L.Ed.2d 889], 44 O.O.2d 383. The court in *Terry* stated at 19–20 [88 S.Ct. at 1879, 20 L.Ed.2d at 905], 44 O.O.2d at 392:

" ' * * * [I]n determining whether the seizure and search were "unreasonable" our inquiry is a dual one—whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.'

"The court further stated at 21–22 [88 S.Ct. at 1880, 20 L.Ed.2d at 906], 44 O.O.2d at 393:

" ' * * * And in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. * * * And in making that assessment it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search "warrant a man of reasonable caution in the belief" that the action taken was appropriate?' "

The court went on to evaluate seven separate factors to consider in determining the justification for an investigative stop: an area of high drug activity, the lateness of the hour, the experience and training of the officer, the officer's familiarity with the area and how drug transactions occur, and the officer's observation of defendant popping up and then ducking down or leaning forward, which may indicate an attempt to conceal a gun or drugs.

In the case *sub judice,* the totality of the circumstances did not justify the investigative stop of the appellee. There is no question that the stop was made in an area of high drug activity, and the officers had more than sufficient experience, training and familiarity. However, Officer Rose did not testify to any sounds, actions or movements which would indicate criminal activity was imminent. *State v. Henry* (Dec. 10, 1992), Cuyahoga App. No. 63536, unreported, 1992 WL 369916, and *State v. Fincher* (1991), 76 Ohio App.3d 721, 603 N.E.2d 329. The appellee was simply standing in a doorway with two other men, and then chose to run at the approach of the police. This court has previously held that the mere fact that a defendant runs when approached by a police officer in an area of drug activity is not sufficient to justify an investigative stop. *State v. Smith* (Mar. 4, 1993), Cuyahoga App. No. 64221, unreported, 1993 WL 58531; *State v. Fincher, supra; State v. Hewston* (Aug. 2, 1990), Cuyahoga App. No.

59095, unreported, 1990 WL 109183; *State v. Porath* (July 30, 1992), Cuyahoga App. No. 60655, unreported, 1992 WL 181677; see, also, *State v. Arrington* (1990), 64 Ohio App.3d 654, 582 N.E.2d 649.

The trial court did not err in granting the appellee's motion to suppress evidence. The appellant's assignment of error is overruled.

*Judgment affirmed.*

NAHRA, P.J., JAMES D. SWEENEY and PORTER, JJ., concur.