Appellant, Jeff A. Walker, was indicted on one count of possession of a controlled substance, crack cocaine, in an amount exceeding one hundred grams, a violation of R.C.2925.11, with a specification of being a major drug offender. Appellant's motion to suppress, alleging that the evidence was seized in violation of his constitutional rights, was overruled. Following a jury trial, appellant was found guilty of the possession charge but not the major drug offender specification, as the substance was only between twenty-five and one hundred grams. Appellant was sentenced to eight years mandatory incarceration. On appeal, appellant challenges the denial of the pretrial suppression motion and the length of the sentence, asserting the following assignments of error:
"Assignment of Error No. One:
 "THE TRIAL COURT ERRED WHEN IT OVERRULED THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF THE DEFENDANT'S UNLAWFUL SEIZURE AND ARREST.
"Assignment of Error No. Two:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE WHEN THE DEFENDANT HAD NOT PREVIOUSLY SERVED A PRISON TERM AND THE COURT FAILED TO PLACE ON THE RECORD FINDINGS THAT WOULD HAVE ALLOWED THE IMPOSITION OF A LONGER SENTENCE."
In his first assignment of error, appellant argues that the trial court erred in failing to grant the motion to suppress. We agree. The record reveals that, on July 15, 1996, around noon, Officer Roland Weber, Jr., of the Columbus Police Department, responded to a radio dispatch concerning a group of males in a parking lot, possibly dealing in drugs. Officer Weber arrived at the scene and noticed the group of males standing around a later model Impala with the hood raised. Officer Weber did not approach the group until his backup, Officer Carey Harris, arrived. As the officers approached the group, it dispersed. Officer Weber testified at the suppression hearing that appellant moved further away than anyone else in the group and that appellant kept is hands down the front of his pants. Officer Weber ordered appellant to stop and to remove his hands from his pants. Appellant continued to move away from Officer Weber, who again ordered appellant to stop and place his hands on the wall. Appellant stopped and placed one hand on the wall while one hand remained in the front of his pants. As the officer approached, appellant removed his hand from the wall and began to run from Officer Weber. Officers Weber and Harris chased appellant until Officer Harris tackled appellant and they fell to the ground. Officer Weber testified that, while Officer Harris was on top of appellant, he attempted to pull appellant's arms out from underneath him to secure them behind his back. Officer Weber testified that appellant still had one hand in the front of his pants. When Officer Weber finally removed the hand, appellant was gripping a baggy with a yellowish-tan substance, subsequently identified as cocaine.
Appellant argues that the trial court erred in overruling his motion to suppress because the police officers did not have a reasonable, articulable suspicion that the person being detained was engaged in criminal activity.
Upon appellate review of a motion to suppress, while this court is "bound to accept the trial court's findings of fact which are supported by competent, credible evidence, we must independently determine as a matter of law, without deference to the trial court's conclusions, whether the findings of fact satisfy the appropriate legal standard." State v. Goins (Oct. 22, 1998), Franklin App. No. 98AP-266, unreported (1998 Opinions 4828, 4831).
The United States Supreme Court has determined that, when a police officer observes unusual conduct and reasonably concludes that criminal activity has occurred or is occurring, the police are entitled to stop the individual and conduct a carefully limited search to determine whether the individual has a weapon. Terry v. Ohio (1968), 392 U.S. 1. In determining whether the search and seizure were unreasonable, the court must conduct a dual inquiry as to "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." Id. at 20. The court further stated that "in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21.
The court in Terry went on to evaluate seven separate factors to consider in determining the justification for an investigative stop: an area of high drug activity, the lateness of the hour, the experience and training of the officer, the officer's familiarity with the area and how drug transactions occur, and the officer's observations of the defendant which may indicate an attempt to conceal a gun or drugs. State v.Walker (1993), 90 Ohio App.3d 132, 134.
In the case at bar, the totality of the circumstances did not justify the investigative stop of appellant. There was testimony presented that the stop was made in a high-crime neighborhood and that the officers involved had sufficient training and experience; however, Officer Weber testified that he did not observe any action suggestive of criminal activity from appellant prior to appellant running away. On a summer day, appellant was simply standing with a group of men around a car that had the hood raised. The mere fact that a defendant runs when approached by a police officer in an area of drug activity is not sufficient to justify an investigative stop.State v. Carter (1994), 69 Ohio St.3d 57, 64.
The state argues that the radio dispatch provided a reasonable, articulable suspicion that a criminal activity was occurring; however, the transcript provides no information regarding the radio dispatch. In Alabama v. White (1990),496 U.S. 325, the United States Supreme Court established that a tip, which standing alone would lack sufficient indicia of reliability, may establish a reasonable suspicion to make an investigatory stop if it is sufficiently corroborated by independent police work. However, the simple corroboration of neutral details describing the suspect or other conditions existing at the time of the tip, without more, will not produce reasonable suspicion for an investigatory stop. Id. at 332. In the case at bar, the transcript contained no information concerning the radio dispatch, nor did the police witness any criminal activity. Accordingly, the officers lacked a reasonable, articulable suspicion that criminal activity was occurring to justify an investigative stop.
The totality of the circumstances in the case at bar, including the radio dispatch, appellant's choice to run away from the police officers with his hands in his shorts, in a high-crime area, do not provide a reasonable, articulable suspicion that appellant had engaged in criminal activity to justify an investigative stop. Thus, the stop and seizure were unreasonable and any evidence obtained after the unconstitutional seizure must be suppressed as the "fruit of the poisonous tree." State v. McMillan (1993), 91 Ohio App.3d 1,6, quoting Wong Sun v. United States (1963), 371 U.S. 471. Appellant's first assignment of error is well-taken.
In his second assignment of error, appellant argues that the trial court erred when it failed to impose the shortest prison term authorized for the offense. By our disposition of the first assignment of error, the second assignment of error is rendered moot.
For the foregoing reasons, appellant's first assignment of error is sustained and the second assignment of error is overruled as moot. The judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings in accordance with law and consistent with this decision.
Judgment reversed and cause remanded.
TYACK and PETREE, JJ., concur.