JOURNAL ENTRY AND OPINION
{¶ 1} Appellant George Vallejo appeals his conviction and sentence for drug possession. Vallejo assigns the following error for our review:
 "Appellant was denied his right to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth
and Fourteenth Amendments to the United States Constitution when trial counsel's failure to file a motion to suppress evidence caused him prejudice."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Vallejo's conviction and sentence. The apposite facts follow.
 {¶ 3} On April 6, 2006, the Cuyahoga County Grand Jury indicted Vallejo for possession of drugs in an amount less than five grams. Vallejo pleaded not guilty at *Page 2 
his arraignment, and after several pre-trials, the case proceeded to a jury trial, which commenced on June 5, 2006.
 Jury Trial {¶ 4} At trial, Detective Neil Hutchinson, of the Cleveland Police Department's Vice Unit, testified that on February 1, 2006, he was part of a team that conducted a controlled drug buy in front of an abandoned house located at 2037 West 44th Street in Cleveland, Ohio. Detective Hutchinson testified that their confidential reliable informant approached the suspected drug dealer and effected the controlled drug buy.
 {¶ 5} Detective Hutchinson testified that immediately following the drug transaction, he and fellow officers approached and attempted to arrest the suspected drug dealer, who fled on foot into the abandoned house. As the officers pursued the suspect into the house, Detective Hutchinson observed the suspect throw crack cocaine into the kitchen area as he was trying to elude them. The officers apprehended the suspect and later discovered two other individuals hiding in the house. The officers handcuffed the three individuals and secured them in a central area of the house.
 {¶ 6} Detective Hutchinson testified that while he was in the kitchen, using his flashlight in an attempt to locate the crack cocaine that the suspect had thrown on the ground, he heard a knock on the back door, and then observed Vallejo enter the house. Detective Hutchinson stated that he immediately grabbed Vallejo and patted *Page 3 
him down for weapons. Detective Hutchinson recovered a crack pipe from Vallejo's pants pocket, which later tested positive for a residual amount of crack cocaine.
 {¶ 7} At the conclusion of the trial, the jury found Vallejo guilty of drug possession. On June 5, 2006, the trial court sentenced Vallejo to a ten-month prison term.
 Ineffective Assistance of Counsel {¶ 8} In the sole assigned error, Vallejo argues that his trial counsel was ineffective for failing to file a motion to suppress. We disagree.
 {¶ 9} We review a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington.[1] UnderStrickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation, and that prejudice arose from the lawyer's deficient performance.[2] To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings
 {¶ 10} would have been different.[3] Judicial scrutiny of a lawyer's performance must be highly deferential.[4] *Page 4 
 {¶ 11} To prevail on an ineffective assistance of counsel claim regarding an omission by counsel, a convicted defendant must show that the omission was not "the result of reasonable professional judgment" and was "outside the wide range of professionally competent assistance."[5] The failure to file a motion to suppress is not per se ineffective assistance of counsel.[6] Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted.[7]
 {¶ 12} After a thorough review of the record, we find that Vallejo has not established ineffective assistance of counsel for failure to file a motion to suppress. Specifically, the record shows the evidence was legally obtained; therefore, Vallejo would not have been successful in filing the motion to suppress.
 {¶ 13} Here, the record indicates that Vallejo entered an abandoned house, where minutes earlier, a controlled drug buy had taken place. The record also indicates that the suspect discarded crack cocaine as he fled through the abandoned house, was pursued and apprehended by the police. The record further indicates that two other individuals were discovered hiding in the abandoned house. Finally, *Page 5 
the record indicates that Vallejo entered the abandoned house while Detective Hutchinson was using a flashlight to search for the drugs the suspect discarded.
 {¶ 14} It is well settled that the propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances.[8] The circumstances described above, taken as a whole, created a reasonable suspicion that Vallejo was engaged in illegal activity, and, therefore, Detective Hutchinson's investigatory stop did not violate the Fourth Amendment.
 {¶ 15} Further, where a police officer, during an investigative stop, has a reasonable suspicion that an individual is armed based on the totality of the circumstances, the officer may initiate a protective search for the safety of himself and others.[9] The Supreme Court of Ohio has stated that "the right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed. The nature of narcotics trafficking today reasonably warrants the conclusion that a suspected dealer may be armed and dangerous."[10] Considering the totality of the circumstances, we conclude that Detective Hutchinson was justified in conducting a limited pat-down search for weapons. *Page 6 
 {¶ 16} Consequently, in the face of these facts, it cannot be said that counsel failed in his duties to effectively represent Vallejo. Additionally, Vallejo failed to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.[11] Thus, the record fails to indicate that defense counsel failed in his essential duties or that his performance fell below an objective standard of reasonableness. Accordingly, we overrule the sole assigned error.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, JUDGE
ANTHONY O. CALABRESE, JR., P.J. and KENNETH A. ROCCO, J., CONCUR
[1] (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
[2] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus.
[3] Id. at paragraph two of syllabus.
[4] State v. Sallie (1998), 81 Ohio St.3d 673, 674.
[5] Strickland, 466 U.S. at 690.
[6] State v. Madrigal (2000), 87 Ohio St.3d 378, 389, 2000-Ohio-448, certiorari denied (2000), 531 U.S. 838, 121 SCt. 99, 148 L. Ed. 2d 58, quoting Kimmelman v. Morrison (1986), 477 U.S. 365, 384, 106 SCt. 2574,91 L.Ed.2d 305.
[7] State v. Robinson (1996), 108 Ohio App.3d 428, 433; see, also,State v. Blagajevic (1985), 21 Ohio App.3d 297, 299-300.
[8] State v. Bobo (1988), 37 Ohio St.3d 177, at paragraph one of the syllabus; see, also, United States v. Cortez (1981), 449 U.S. 411, 418,101 S. Ct. 690, 66 L.Ed. 2d 621.
[9] Bobo, 37 Ohio St.3d 177, at paragraph two of the syllabus.
[10] State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, quotingState v. Evans (1993), 67 Ohio St.3d 405, 413, 1993-Ohio-186, quotingUnited States v. Ceballos (E.D.N.Y.1989), 719 F. Supp. 119, 126.
[11] State v. Caldwell, Cuyahoga App. No. 80556,2005-Ohio-5134. See also Strickland supra, 104 S.Ct. at 2065. *Page 1