The STATE of Ohio, Appellee,

v.

WOLJEVACH, Appellant.

[Cite as *State v. Woljevach,* 160 Ohio App.3d 757, 2005-Ohio-2085.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–04–027.

Decided April 29, 2005.

758

Russell V. Leffler, Huron County Prosecuting Attorney, for appellee.

Michael L. Belcher, for appellant.

SINGER, Presiding Judge.

{¶ 1} This is an appeal from a judgment of conviction and sentence for marijuana cultivation and possession of criminal tools, following a no-contest plea in Huron County Court of Common Pleas. Because we conclude that the trial court should have suppressed evidence flowing from an illegal search, we reverse.

{¶ 2} Appellant, Michael A. Woljevach, lives on a 21–acre farm near Wakeman, in Huron County. His home is situated 225 yards south of a public road at the end of an asphalt driveway. Immediately east of the driveway are two barns. Closest to the public road, only 26 feet from the right of way, is a barn equipped

with a bathroom and cooking facilities that appellant and his children use to store and repair things. Behind and to the east is a second barn in which a horse is stabled.

{¶ 3} In early 2002, Norwalk Police relayed to the Huron County Sheriff's Department information from an informant that appellant was growing marijuana in his barn nearest the public right of way. The department received a second report of appellant's growing marijuana in June 2003.

{¶ 4} On September 10, 2003, three deputies, acting on that information, drove to appellant's farm. Parking in the driveway, the deputies went to the barn closest to the road only to find its front door padlocked. The deputies then went to the rear of the barn, where they observed a fluorescent light through a window. At one point, one of the deputies reported that he smelled "raw" marijuana inside the barn.

{¶ 5} Upon the deputy's smelling marijuana, the senior deputy at the scene left to obtain a search warrant. Meanwhile, the two remaining deputies called for a drug-detecting dog. While the search-warrant affidavit was being presented to a judge, deputies at the scene notified the senior deputy that the drug-detecting dog had alerted on a plastic pipe [1] coming from the barn. The affidavit was amended to include this information, and the judge issued a search warrant for the barn.

{¶ 6} When the search warrant was executed, deputies found a room inside the barn that contained marijuana plants growing in pots. There was no harvested marijuana or burned marijuana found.

{¶ 7} Deputies seized the marijuana plants and arrested appellant, charging him with illegal cultivation of marijuana in violation of R.C. 2925.04(A) and (C)(4)(d) and possession of criminal tools in violation of R.C. 2923.29(A). Appellant pleaded not guilty and moved to suppress the evidence seized in the barn search. When the court denied appellant's motion, he amended his plea to no contest and was found guilty as charged. He was sentenced to concurrent sentences of one year for the cultivation and six months for criminal-tools possession.

{¶ 8} From this judgment of conviction and sentence, appellant now brings this appeal. Appellant sets forth the following three assignments of error:

{¶ 9} "Assignment of Error I:

---

1. Appellant testified during the suppression hearing that the pipe was a vent from a septic system. The pipe was not in the area of the barn where the deputy had smelled marijuana.

{¶ 10} "The trial court erred to the prejudice of the defendant when it denied defendant's motion to suppress all evidence obtained as a result of an improperly issued search warrant.

{¶ 11} "Assignment of Error II:

{¶ 12} "Whether the trial court erred in ruling that the 'plain smell doctrine' announced in *State of Ohio v. Moore* [2000], 90 Ohio St.3d 47, 734 N.E.2d 804, gives rise to probable cause to issue a search warrant when the issue is raw growing marijuana inside an enclosed barn and not burnt marijuana smoke?

{¶ 13} "Assignment of Error III:

{¶ 14} "The trial court erred in imposing a prison sentence upon the appellant when the court improperly determined the appellant to be involved in organized criminal activity, R.C. 2929.13(B)(1)(e)[,] and the defendant has a drug abuse pattern related to the offense and the offender does not acknowledge the pattern and has never successfully treated it."

## Pretext—Plain Smell

{¶ 15} In his first two assignments of error, appellant insists that the deputies' incursion onto his property was a pretext to develop sufficient information to obtain a search warrant. Moreover, appellant maintains, even if the deputies were lawfully on his property, the plain-smell doctrine articulated in *State v. Moore,* 90 Ohio St.3d 47, 734 N.E.2d 804, applies to burnt or burning marijuana, not growing plants, and, in any event, the qualifications of the drug-detecting deputy, as articulated in the search-warrant affidavit, were insufficient to establish him as trained and experienced in detecting marijuana.

{¶ 16} The Fourth Amendment to the United States Constitution and Article I, Section 14, of the Ohio Constitution guarantee the right of people to be secure in their persons, houses, and effects from unreasonable searches. For a search or seizure to be reasonable, it must be based upon probable cause and executed pursuant to a warrant. *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576.

{¶ 17} Warrantless searches or seizures are per se unreasonable, subject to only a few established and well-defined exceptions. *State v. Kessler* (1978), 53 Ohio St.2d 204, 207, 7 O.O.3d 375, 373 N.E.2d 1252. Absent an exception to the warrant requirement, the state must have both probable cause and a warrant from a neutral judge before proceeding. If there is not probable cause and a warrant, the evidence seized is a result of an unreasonable search and must be suppressed. *Mapp v. Ohio* (1961), 367 U.S. 643, 654–655, 81 S.Ct. 1684, 6 L.Ed.2d 1081; *AL Legion Post 763 v. Ohio Liquor Control Comm.* (1998), 82 Ohio St.3d 108, 111, 694 N.E.2d 905. Even if a warrant is issued, evidence

762

obtained in the execution of the warrant is nonetheless subject to exclusion if the information supporting a probable-cause finding is the result of a prior illegal search. *Murray v. United States* (1988), 487 U.S. 533, 542, 108 S.Ct. 2529, 101 L.Ed.2d 472; *State v. Carter* (1994), 69 Ohio St.3d 57, 68, 630 N.E.2d 355.

{¶ 18} In a hearing on a motion to suppress evidence, the court assumes the role of the trier of fact. On review, the court's factual findings will not be disturbed if supported by competent, credible evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 1 OBR 57, 437 N.E.2d 583. Accepting the trial court's findings as true, the reviewing court must then independently determine as a matter of law, without deference to the trial court, whether the facts satisfy the applicable legal standard. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8.

{¶ 19} In this matter, the parties agree that the informant tips provided to law enforcement were stale and could not form a basis of finding probable cause for a warrant. See *State v. Jones* (1991), 72 Ohio App.3d 522, 526, 595 N.E.2d 485. The information obtained from the drug-detecting dog is not available to support the warrant, because the use of the dog on appellant's property was a search that, unlike using a drug-detecting dog to sniff around a vehicle on a highway or around luggage in a public place, must itself have been premised on probable cause. See *Florida v. Royer* (1983), 460 U.S. 491, 505 at fn. 10, 103 S.Ct. 1319, 75 L.Ed.2d 229; *United States v. Ross* (1982), 456 U.S. 798, 799, 102 S.Ct. 2157, 72 L.Ed.2d 572, citing *Carroll v. United States* (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. The only remaining part of the affidavit that might support probable cause for a search is the sheriff deputy's smelling the growing marijuana.

{¶ 20} According to the probable-cause affidavit, the deputy had proven his ability to detect the odor of growing marijuana on three separate occasions. Based on this past performance and the deputy's assertion that he had detected the odor of "raw" marijuana in this instance, the trial court concluded that the affidavit averred sufficient grounds for the warrant-issuing judge to have found probable cause that marijuana would be found in the barn.

{¶ 21} On appeal, appellant maintains that to find that an officer can smell growing marijuana overreaches the permissible scope of the plain-smell doctrine as articulated in *State v. Moore*, supra, 90 Ohio St.3d at 50, 734 N.E.2d 804. *Moore* sanctions a finding of probable cause to search if a "person who is qualified to recognize the odor" detects the smell of marijuana. Nevertheless, appellant insists, *Moore* dealt with burning marijuana, marijuana smoke, or harvested marijuana, not growing marijuana. An extension of *Moore* to growing marijuana is unwarranted, according to appellant.

{¶ 22} Appellant is correct with respect to the scope of *Moore*. The numerous cases from several jurisdictions cited therein are confined to the odor of burning marijuana or marijuana that has been harvested and packaged for transportation. Intuitively, we also feel that appellant is correct: there seems to be a definable difference between the odor emitted from growing plants and that found in harvested or burning plants.

{¶ 23} Unfortunately for appellant in this instance, a reviewing court may not rely on its intuition in reviewing cases. We are limited to the record as it has been compiled in the trial court. See App.R. 9. In this matter, the probable-cause affidavit contains an averment that a deputy could and, on previous occasions, has, successfully detected the odor of growing marijuana. The judge who issued the search warrant apparently accepted this statement of the deputy's expertise. He then relied upon the deputy's present detection of the odor of marijuana to conclude that there was probable cause to believe that marijuana could be found in appellant's barn.

{¶ 24} At the suppression hearing, appellant offered nothing to rebut the deputy's expertise at smelling growing marijuana. It is instructive to note that in the one case that *Moore* cites in which a plain-smell search was successfully suppressed, the defendant presented expert testimony that, given the prevailing winds and the packaging of the contraband, an officer could not have smelled marijuana on the defendant's person or in his car. *State v. Pfaff* (S.D.1990), 456 N.W.2d 558. No such testimony was presented in the hearing on the present matter. As a result, the trial court determined that, absent evidence contra, the deputy's assertions in the probable-cause affidavit were credible. On appeal, we will not disturb this finding. Accordingly, appellant's second assignment of error is not well taken.

{¶ 25} More problematic for the state is the trial court's determination that the barn in which marijuana was suspected of being stored and its surrounding environs were within the curtilage of appellant's home. The curtilage is an area around a person's home upon which he or she may reasonably expect the sanctity and privacy of the home. For Fourth Amendment purposes, the curtilage is considered part of the home itself. *Oliver v. United States* (1984), 466 U.S. 170, 180, 104 S.Ct. 1735, 80 L.Ed.2d 214.

{¶ 26} If the deputy who smelled marijuana was in the curtilage without a warrant when he smelled marijuana, then the detection of the odor is a result of an unlawful search. As a result, his smelling marijuana is unavailable to support probable cause. Since the detection of odor is the only piece of information that remains to properly support probable cause, the warrant it supports fails, the

search was unlawful, and the evidence derived from the unlawful search should be suppressed.

{¶ 27} The trial court concluded that the stale information of informants gave police reasonable, articulable suspicion to investigate. Based on suppression-hearing testimony, the court found that when deputies saw a pickup truck parked near the barn, they assumed appellant was inside and sought to speak to him. When appellant failed to respond to a knock on the door, "[o]fficers searched for another entrance." During this search, the trial court concluded, one of the deputies detected the odor of marijuana.

{¶ 28} At the suppression hearing, deputies testified that they had found the front door of the barn padlocked on the outside. The barn was posted with a sign stating "keep out" and "private property—no trespassing." The deputies walked past these signs and went to the rear of the barn. It was somewhere behind the barn that the deputy reported smelling marijuana.

{¶ 29} Because the curtilage of a property is considered to be part of an individual's home, the right of officers to come into the curtilage is highly circumscribed. Absent a warrant, police have no greater rights on another's property than any other visitor has. Thus, it has been held that the only areas of the curtilage where officers may go are those impliedly open to the public. This area includes walkways, driveways, or access routes leading to the residence. *State v. Dyreson* (2001), 104 Wash.App. 703, 17 P.3d 668, 672; *State v. Pacheco* (Mo.App.2003), 101 S.W.3d 913, 918; *State v. Johnson* (2002), 171 N.J. 192, 209, 793 A.2d 619. The guiding principal is that a police officer on legitimate business may go where any "reasonably respectful citizen" may go. *Dyreson,* supra; see, also, *State v. Tanner* (Mar. 10, 1995), 4th Dist. No. 94CA2006, 1995 WL 116682.

{¶ 30} "No trespassing" signs and the like are indications that a property owner or occupier expects privacy within a certain area of the curtilage. *United States v. Depew* (9 C.A.1993), 8 F.3d 1424, 1428, overruled on other grounds *United States v. Johnson* (2001), 256 F.3d 895; see, also, *State v. Russo* (1984), 68 Ore.App. 760, 762, 683 P.2d 163; *State v. Christensen* (1998), 131 Idaho 143, 147–148, 953 P.2d 583. It reasonably follows that areas so designated are places into which the public is expressly not invited.

{¶ 31} In this matter, the officers did not follow the driveway to appellant's front door. They did not use a walkway. They did not confine themselves to areas where the public is impliedly welcome. They ignored "no trespassing" and "keep out" signs and moved into an area that the trial court found was part of the curtilage of appellant's home. Consequently, when the deputy detected the odor of marijuana, he was in a place where he had no lawful right to be. As a result, his odor detection may not properly form the basis of the search warrant.

{¶ 32} Since this was the only fact contained in the probable-cause affidavit that might properly support probable cause for a search warrant, the trial court erred in denying appellant's motion to suppress.

{¶ 33} Accordingly, appellant's first assignment of error is well taken. His remaining assignment of error is moot.

{¶ 34} Upon consideration whereof, the judgment of the Huron County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee, pursuant to App.R. 24.

Judgment reversed.

HANDWORK and SKOW, JJ., concur.