DECISION AND JUDGMENT ENTRY
{¶ 1} On the morning of April 18, 2006, Sergeant Temple of the Norwalk police department received a telephone call from Agent Donald of the Drug Enforcement Agency. Donald relayed that he had arrested Daniel Wise, appellee herein, and his companion Coan for "crimes involving crystal meth" and they were both in custody in *Page 2 
Toledo, Ohio. Donald told Temple that, according to Coan, Wise had left a backpack containing marijuana at Coan's residence that morning. Temple overheard Coan, who was with Donald, give permission to go to his house in Norwalk, Ohio, and search for the backpack.
 {¶ 2} Temple, another officer, and a drug dog went to Coan's residence. Coan's spouse answered the door and allowed the officers to enter. She led them directly to Wise's backpack, which was hanging on a bedroom door handle. Mrs. Coan told Temple that Wise had been at the house that morning, dropped off the backpack, and then left with Mr. Coan. Mrs. Coan, like Mr. Coan, disavowed any property interest in the backpack.
 {¶ 3} Temple testified that he could smell marijuana emanating from the backpack:
 {¶ 4} "It had some sort of thing key [sic] so, you could put around your bag you put your arm through it [sic]. There were several ways to open it zippers type compartments [sic], and as soon as we got near the book bag you could smell the marijuana was very heavy, very heavy odor. * * * I took the book bag, opened it up and verified there was marijuana inside. * * * There was some open compartments [sic], some of them were partially open, some were closed, and I believe in that part I unzipped it and looked inside."
 {¶ 5} After Temple left the Coans' residence, Wise reportedly told Donald that his backpack contained marijuana. Temple admitted that Wise had not given this *Page 3 
information before his seizure and search of the backpack, nor had Wise given consent. Later testing confirmed that the backpack contained 163 grams of marijuana in separate bags, a scale, and "some" pills of Ecstasy.
 {¶ 6} Wise was charged with one count of trafficking in marijuana, a violation of R.C. 2925.03(A)(2) and (C)(3)(b) and a felony of the fourth degree. He moved to suppress all evidence from the seizure of his backpack. The trial court granted the motion on the grounds that Wise had a reasonable expectation of privacy in his backpack and no exception to the warrant requirement applied. The state appealed, raising one assignment of error:
 {¶ 7} "I. THE TRIAL COURT ERRONEOUSLY GRANTED THE APPELLEE'S MOTION TO SUPPRESS BECAUSE HE LACKED STANDING TO CHALLENGE THE SEARCH OF HIS BOOK BAG BY SGT. TEMPLE."
 {¶ 8} Appellate review of a trial court decision on a motion to suppress evidence presents a mixed question of law and fact. State v.McNamara (1997), 124 Ohio App.3d 706, 710. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." State v. Burnside, 100 Ohio St.3d 152,154-155, 2003-Ohio-5372, ¶ 8, citing State v. Mills (1992),62 Ohio St.3d 357, 366. The appellate court must then accept the trial court's findings of fact provided that they are supported by competent, credible evidence. State v. Durnwald, 163 Ohio App.3d 361, 369, 2005-Ohio-4867, ¶ 28, citing Burnside, supra. Next, the appellate court determines *Page 4 
independently whether the facts in the case satisfy the applicable legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627.
 {¶ 9} The Fourth Amendment to the United States Constitution protects individuals from state searches and seizures in places where they have a reasonable expectation of privacy. Section 14, Article I of the Ohio Constitution is coextensive with the Fourth Amendment. State v.Robinette (1997), 80 Ohio St.3d 234, 245. Both protect "two types of expectations, one involving `searches,' the other `seizures.' A `search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A `seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." U.S. v. Jacobsen (1984), 466 U.S. 109, 113.
 {¶ 10} "For a search or seizure to be reasonable, it must be based upon probable cause and executed pursuant to a warrant. Katz v.United States (1967), 389 U.S. 347, 357. Warrantless searches or seizures are per se unreasonable, subject to only a few established and well-defined exceptions. State v. Kessler (1978), 53 Ohio St.2d 204, 207. Absent an exception to the warrant requirement, the state must have both probable cause and a warrant from a neutral judge before proceeding. If there is not probable cause and a warrant, the evidence seized is a result of an unreasonable search and must be suppressed. Mapp v. Ohio (1961),367 U.S. 643, 654-655; AL Post 763 v. Ohio Liquor Control Comm. (1998),82 Ohio St.3d 108, 111." State v. Woljevach, 160 Ohio App.3d 757,2005-Ohio-2085, ¶ 16-17. The prosecution must establish that an exception to the *Page 5 
warrant requirement exists. State v. Peagler (1996), 76 Ohio St.3d 496,500, citing Xenia v. Wallace (1988), 37 Ohio St.3d 216, paragraph two of the syllabus.
 {¶ 11} The state argues that appellee lacks standing to challenge the seizure and search of his backpack since the backpack was taken from Coan's residence. Of course, "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." Rakas v. Illinois (1978), 439 U.S. 128, 133-134, quoting Alderman v. United States (1969), 394 U.S. 165, 174. As such, the exclusionary rule may only benefit those defendants whose personal rights the state has infringed. Id. at 134. Generally, two questions must be answered affirmatively for a defendant to have standing to assert Fourth Amendment protection: "first, whether the proponent of a particular legal right has alleged `injury in fact,' and, second, whether the proponent is asserting his own legal rights and interests rather than basing his claim for relief upon the rights of third parties." Id. at 139.[1] In support, the state argues that Wise had no expectation of privacy in his backpack because the residence was not his, he had not been an overnight guest, and the pack, although zipped shut, was not locked or "secured."
 {¶ 12} Wise, in response, notes that even overnight guests have an expectation of privacy in their host's residence which is "recognized and permitted by society." *Page 6 
 Minnesota v. Olson (1990), 495 U.S. 91, 98-99. Therefore, he argues, he retained an expectation of privacy in his closed backpack even though it was left inside Coan's residence, and the state was required to seek his separate consent — or a warrant or demonstrate an exception to the warrant requirement — before seizing his backpack.
 {¶ 13} The trial court, citing Arkansas v. Sanders (1979),442 U.S. 753, found that Wise had a legitimate expectation of privacy in his backpack because like a suitcase or knapsack, it is a "common repository for one's personal effects, and therefore is inevitably associated with the expectation of privacy." Sanders held that, although probable cause may exist to search a vehicle, a warrant is required to search luggage inside the vehicle. This rule was overturned by California v.Acevedo (1991), 500 U.S. 565, which held that police may seize and search a container inside a vehicle upon only probable cause to believe the container holds contraband. Likewise, in Wyoming v. Houghton (1999),526 U.S. 295, which involved the search of a vehicle's female passenger's purse, the court held that "police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search." Id. at 307.
 {¶ 14} Acevedo and Houghton, however, granted a privacy interest in the containers in the vehicles, but found that privacy interest outweighed by probable cause plus application of the automobile exception to the warrant requirement. Here, Wise's backpack was in a private residence and the residents, the Coans, consented to a search of the residence for the backpack. The issue is therefore whether a warrant is required to *Page 7 
seize and search a closed backpack located inside a private residence upon probable cause alone.
 {¶ 15} The state also argued that the "plain smell" doctrine provided a sufficient basis for Temple to seize and search the backpack. However, the plain smell doctrine, articulated in State v. Moore (2000),90 Ohio St.3d 47, can only be used to establish probable cause and is not an exception to the warrant requirement. Id. at syllabus. The odor of marijuana emanating from the vehicle was sufficient to search the vehicle; the odor created probable cause and the automobile exception to the warrant requirement applied. The authority to search given inMoore does not extend to the vehicle's trunk. State v. Farris,109 Ohio St.3d 519, 529-530, 2006-Ohio-3255, ¶ 52. Here, although the smell — and, for that matter, Coan's tip — created probable cause, there is no warrant exception when the container is in a private residence.
 {¶ 16} Searches based on consent are excepted from the warrant requirement. Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219. The state argues that the Coans' consent to search their premises extended to their valid consent to seize and search Wise's backpack. The trial court addressed this argument and rejected the application ofMinnesota v. Carter (1998), 525 U.S. 83, since the defendant inCarter was not objecting to the search of his personal property left inside another's home, but was objecting to the search of the home itself. We agree with the trial court that, while it is unreasonable for Wise to have an expectation of privacy in the Coans' residence, it was reasonable for him to have an expectation of privacy in his closed backpack left inside their home. The *Page 8 
Coans both told Temple that the backpack belonged to Wise, and the state does not argue that the common authority doctrine applies. U.S. v.Matlock (1974), 415 U.S. 164.
 {¶ 17} Upon careful consideration, we find no other exceptions to the warrant requirement to apply. There were no exigent circumstances.Warden v. Hayden (1967), 387 U.S. 294; State v. Berry,167 Ohio App.3d 206, 2006-Ohio-3035 (exigent circumstances of fire in residence justified opening container appearing to be possible source of electrical fire but which contained marijuana-growing apparatus instead). Wise was in custody in another city, there was no risk that the evidence inside the backpack would dissipate once the backpack was seized, and ample time existed to obtain a warrant to search the backpack.
 {¶ 18} Neither can these circumstances constitute a search incident to a lawful arrest. This exception to the warrant requirement applies to allow police to (1) search the area within an arrestee's immediate control for weapons, Chimel v. California (1969), 395 U.S. 752; Vale v.Louisiana (1970), 399 U.S. 30; or (2) perform a protective sweep of a house incident to arrest based on specific facts that area harbors dangerous individuals. Maryland v. Buie (1990), 494 U.S. 325. Here, Wise and his backpack were separated by approximately 50 miles.
 {¶ 19} In sum, these circumstances present no cause to depart from the general rule that closed packages are effects in which persons have legitimate expectations of privacy and which require a warrant to search. U.S. v. Jacobsen (1984), 466 U.S. 109, 114; Bond v. U.S. (2000),529 U.S. 334. When a person temporarily leaves a closed *Page 9 
backpack inside another's house, and the residents both disown any interest in the backpack, the residents have no authority to consent to search the backpack and their consent to search the house does not extend to it. United States v. Matlock (1974), 415 U.S. 164, 171-72; see, also, U.S. v. Waller (C.A.6, 2005), 426 F.3d 838 (defendant retained privacy interest in closed, zippered suitcase left in bedroom closet of friend's residence; resident had no authority to grant consent to search suitcase).
 {¶ 20} "The primary reason for the warrant requirement is to interpose a `neutral and detached magistrate' between the citizen and `the officer engaged in the often competitive enterprise of ferreting out crime.'Johnson v. United States (1948), 333 U.S. 10, 14. Those suspected of drug offenses are no less entitled to that protection than those suspected of nondrug offenses." U.S. v. Karo (1984), 468 U.S. 705, 717. Although Temple may have been extremely confident that the backpack contained marijuana, his confidence does not obviate the need for prior judicial approval of his interference in Wise's property rights. For the foregoing reasons, the state's assignment of error is not well-taken.
 {¶ 21} The judgment of the Huron County Court of Common Pleas is affirmed. Appellant, the state of Ohio, is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
 JUDGMENT AFFIRMED. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR.
[1] Technically, the state misuses the term "standing" for its argument that appellee has no cognizable rights. Rakas expressly rejected the concept of "standing" in Fourth Amendment jurisprudence.Minnesota v. Carter (1998), 525 U.S. 83, 88. Instead, a court must inquire whether the defendant asserting the right has "an expectation of privacy in the place searched, and that his expectation is reasonable; i.e., one that has `a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'" Id., quoting Rakas, 439 U.S. 143-144. *Page 1