[Cite as *State v. Kinney*, 2019-Ohio-2567.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT

## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 106952 |
| v. | : | |
| DARIUS KINNEY, | : | |
| Defendant-Appellant. | : | |

_____

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** June 25, 2019
_____

Cuyahoga County Court of Common Pleas
Case No. CR-17-617832-A
Application for Reopening
Motion No. 527650

_____

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee*.

Darius Kinney, *pro se.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1}   On April 17, 2019, the applicant, Darius Kinney, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Kinney,* 8th Dist. Cuyahoga No. 106952, 2019-Ohio-629, in which this court affirmed his convictions and sentences for tampering with evidence, failure to stop after an accident, and two counts of aggravated vehicular homicide.[1]   Kinney now argues that his appellate counsel was ineffective for failing to file an App.R. 26(A) motion for reconsideration or an App.R. 25 motion to certify conflict and for failing to notify him timely of this court's decision and his remedies.   On May 3, 2019, the state of Ohio filed a brief in opposition.   For the following reasons, this court denies the application to reopen, sua sponte.

{¶ 2}   App.R. 26(B)(2)(c) provides that the basis of an application shall be "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court * * * because of appellate counsel's deficient representation."   Kinney's arguments that his appellate counsel was ineffective for failing to file a motion for reconsideration or a motion to certify a conflict and for failing to timely notify him about this court's decision or the above remedies are not authentic assignments of error that can support an App.R. 26(B) application.

---

[1] The record indicates that Kinney drove through an intersection killing two people; he did not stop. There was a video recording of the incident.   Shortly afterwards, the police received a tip that Kinney was the perpetrator. Upon arriving at his house, the officers saw his motor vehicle partially covered by a blanket, but the vehicle showed damage consistent with the video.   Kinney eventually pleaded no contest and the judge sentenced him to four years on each vehicular homicide count and two years each on the tampering and failure to stop counts, all consecutive.

On appeal, counsel argued that trial counsel was ineffective for failing to file a motion to suppress and that the record did not support consecutive sentences.   This court affirmed.   After examining the Fourth Amendment argument, this court ruled that "there was no Fourth Amendment violation by the investigating officers' conduct in viewing the damage to the SUV." *Kinney* at ¶ 25.

**{¶ 3}** In *State v. Montgomery,* 8th Dist. Cuyahoga No. 102043, 2016-Ohio-378, Montgomery complained about his appellate counsel's conduct in appellate procedure: taking two extensions of time, failing to review the record, failing to inform him about oral argument, and delaying in notifying him of this court's decision. These complaints are fully analogous to filing motions for reconsideration and to certify a conflict. This court ruled that they are not authentic assignments of error. "They do not address mistakes in the trial court that could be rectified on appeal." *Montgomery* at ¶ 3. The court further held that communications between appellate counsel and the applicant cannot provide the basis of reopening. *State v. Pratt,* 8th Dist. Cuyahoga No. 93123, 2010-Ohio-4998; *State v. Marcum,* 7th Dist. Columbiana No. 10 CO 17, 2012-Ohio-2721; *State v. Woodson,* 8th Dist. Cuyahoga No. 93476, 2010-Ohio-5230.

**{¶ 4}** Accordingly, this court denies the application to reopen.

_____
FRANK D. CELEBREZZE, JR., JUDGE
EILEEN T. GALLAGHER, P.J., and
RAYMOND C. HEADEN, J., CONCUR