[Cite as *State v. Milancuk*, 2020-Ohio-1607.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                                   No. 108507

    v.                              :

DERRICK MILANCUK,                        :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 23, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-632637-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Melissa Riley, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1}  Defendant-appellant, Derrick Milancuk ("Milancuk"), appeals his conviction.  Milancuk argues that his counsel was ineffective for failing to file a motion to suppress and that his conviction was against the manifest weight of the evidence.  For the following reasons, we affirm the trial court.

**Facts**

{¶ 2} Beginning in December 2017, the Ohio Internet Crimes Against Children Task Force ("ICAC") started tracking a computer operating peer-to-peer software from a single IP address. Peer-to-peer software allows the user to find and share electronic files within an online network. Milancuk was later identified as the owner and user of the computer at the relevant times.

{¶ 3} During the course of the investigation, a special investigator met up with Milancuk online on three separate dates: December 11, 2017; December 25, 2017; and January 19, 2018. On each occasion, Milancuk sent a file that when downloaded contained child pornography.

{¶ 4} On February 22, 2018, the ICAC task force obtained a search warrant for Milancuk's residence that stated that there was probable cause to believe investigators would find peer-to-peer computer file sharing programs containing the files shared with the ICAC task force. The warrant also stated there was probable cause to search the residence for other electronic devices containing child pornography. On February 23, 2018, the task force entered Milancuk's home. They found four files containing child pornography on Milancuk's desktop computer.

{¶ 5} In addition to Milancuk, two other men lived at the house. One individual admitted to producing pornography at the residence, and both individuals admitted to watching pornography at the house. However, only Milancuk admitted to having an interest in child pornography and downloading child pornography files in the past.

## Procedural History

{¶ 6} On September 12, 2018, Milancuk was indicted on thirteen counts of pandering sexually oriented material involving a minor purusuant to R.C. 2907.322(A)(2), second-degree felonies, and one count of possessing criminal tools pursuant to R.C. 2923.23(A), a fifth-degree felony. He pled not guilty on September 26, 2018, and the case proceeded to a bench trial on February 21, 2019.

{¶ 7} Following the presentation of evidence, the defense moved for judgment of acquittal under Crim.R. 29; the court dismissed counts one, two, and three but maintained the other counts for judgment.

{¶ 8} On March 1, 2019, Milancuk was found guilty of counts 4 through 11, count 13, and count 14. Milancuk was found not guilty of count 12. On April 3, 2019, the court imposed a sentence of ten months as to each count, with all sentences to run concurrently for a total sentence of ten months. Milancuk was ordered to pay a $250 fine on count 4 and he received five years of mandatory postrelease control. Milancuk is also now registered as a Tier II sex offender. This appeal follows.

{¶ 9} Milancuk presents two assignments of error for our review.

### Assignment of Error No. 1

The Defendant-Appellant was denied effective assistance of counsel in violation of Amendments VI and XIV, United States Constitution; and Article I, Section 10, Ohio Constitution for failing to file a motion to suppress evidence.

### Assignment of Error No. 2

Appellant's convictions are against the manifest weight of the evidence.

{¶ 10} We will address them in turn.

## Ineffective Assistance of Counsel and a Motion to Suppress

**{¶ 11}** In Milancuk's first assignment of error, he argues that he was denied the effective assistance of counsel because his counsel failed to file a motion to suppress. We disagree.

**{¶ 12}** In order to establish a claim of ineffective assistance of counsel, a defendant must prove (1) his counsel was deficient in some aspect of his representation, and (2) there is a "reasonable probability" that, were it not for counsel's errors, the result of the trial court proceedings would have been different. *State v. Phillips*, 8th Dist. Cuyahoga No. 103895, 2016-Ohio-7049, ¶ 10, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Reasonable probability" is such "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. An appellant's failure to prove either prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland*, 466 U.S. at 697.

**{¶ 13}** "We note that the failure to pursue a motion to suppress in the trial court does not automatically establish an ineffective assistance of counsel claim on appeal." *State v. Kinney*, 8th Dist. Cuyahoga No. 106952, 2019-Ohio-629, ¶ 11.

> To establish ineffective assistance of counsel for failure to pursue a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question and that there was a reasonable probability both that a motion to suppress would have been successful if pursued and that suppression of the challenged evidence would have changed the outcome of the case.

*Id.*, quoting *State v. Musleh*, 8th Dist. Cuyahoga No. 105305, 2017-Ohio-8166, ¶ 31.

{¶ 14} Milancuk cannot prove that there was a basis to suppress the evidence and trial counsel is not obligated to pursue a motion to suppress if such a motion would be futile. *Id.* "'Even if some evidence in the record supports a motion to suppress, counsel is still considered effective if counsel could reasonably have decided that filing a motion to suppress would have been a futile act.'" *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 28, quoting *State v. Suarez*, 12th Dist. Warren No. CA2014-02-035, 2015-Ohio-64, ¶ 13. Therefore, if established principles of law demonstrate that a motion to suppress would have been denied, counsel cannot be considered ineffective for failing to pursue such a motion. *State v. Brooks*, 11th Dist. Lake No. 2011-L-049, 2013-Ohio-58, ¶ 57.

{¶ 15} In this case, Milancuk argues that the search warrant was predicated on stale evidence that did not establish probable cause. His arguments are without merit; the warrant was not based on stale evidence and there was probable cause as a result.

{¶ 16} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

{¶ 17} Article I, Section 14 of the Ohio Constitution contains a nearly identical provision. *See also* R.C. 2933.22(A).

{¶ 18} "A neutral and detached judge or magistrate may issue a search warrant only upon a finding of probable cause." *State v. Young*, 146 Ohio App.3d 245, 254, 765 N.E.2d 938 (11th Dist.2001), citing *United States v. Leon*, 468 U.S. 897, 914-915, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *See also* Crim.R. 41(C). An affidavit in support of a search warrant must present timely information and include facts so closely related to the time of issuing the warrant as to justify a finding of probable cause at that time — otherwise it is stale. *State v. Hollis*, 98 Ohio App.3d 549, 554, 649 N.E.2d 11 (11th Dist.1994), citing *State v. Jones*, 72 Ohio App.3d 522, 526, 595 N.E.2d 485 (6th Dist.1991).

{¶ 19} The question of staleness is not measured solely by counting the days between the events listed in the affidavit and the application for the warrant. *State v. Yanowitz*, 67 Ohio App.2d 141, 144, 426 N.E.2d 190 (8th Dist.1980). Ohio courts have instead identified a number of factors to consider in determining whether the information contained in an affidavit is stale, including the character of the crime; the criminal; the thing to be seized, as in whether it is perishable; the place to be searched; and whether the affidavit relates to a single isolated incident or ongoing criminal activity. *State v. Prater*, 12th Dist. Warren No. CA2001-12-114, 2002-Ohio-4487, ¶ 13.

{¶ 20} In challenging the probable cause supporting the search warrant, Milancuk argues that it was unreasonable for the judge to believe that electronic files, easily disposed of and obviously illegal, would still be in his house at the time the warrant was issued. We disagree.

{¶ 21} The search warrant was predicated upon three child pornography files shared from Milancuk's IP address. The third video was shared on January 19, 2018, and the warrant was not obtained until February 22, 2018. It follows, according to Milancuk, that a one-month delay — and in terms of the first and second files shared, a two-month delay — between the files being shared and the warrant being executed means that it was unlikely the evidence would still be there and that there was no probable cause for the warrant in the first place. That argument is inconsistent with our precedent and with rulings from around the country.

{¶ 22} When confronting these types of offenses, Ohio courts have recognized that the continuing nature of sexual offenses involving minors often justifies a finding of probable cause even several months after the conduct occurred. *See State v. VanVoorhis*, 3d Dist. Logan No. 8-07-23, 2008-Ohio-3224, ¶ 81; *State v. Rogers*, 12th Dist. Butler No. CA2006-03-055, 2007-Ohio-1890, ¶ 43; *State v. Thompson*, 110 Ohio Misc.2d 139, 145-146, 745 N.E.2d 1159 (C.P.2000).

{¶ 23} As a result, we have adopted a staleness analysis sensitive to "technology and to the particular criminal activity at issue." *State v. Willard*, 8th Dist. Cuyahoga No. 99184, 2013-Ohio-3001, ¶ 18, citing *United States v. Miller*, 450 F.Supp.2d 1321, 1335 (M.D.Fla. 2006). Due to their digital nature, "pornographic images are not perishable items and may be stored on computers or computer-related items for long periods of time within the offenders' home." *Willard* at ¶ 21. That holds true for child pornography as well, and, because of the nature of the

offenses, courts have found that probable cause may still exist months after the conduct.

{¶ 24} In this case, we only need to reckon with conduct that had occurred one and two months prior to the warrant being obtained. Accordingly, we find that, due to the nature of the evidence believed to be in Milancuk's residence, it was reasonable for the judge to conclude that there was a fair probability that contraband or evidence of a crime was present in appellant's residence at the time the warrant was issued.

{¶ 25} Based on the foregoing analysis, we find that appellant's trial counsel's failure to pursue a motion to suppress was not ineffective because we find that there was no basis to suppress the evidence in question. We therefore cannot find that appellant's trial counsel was deficient in failing to file a motion to suppress that would have been futile. *See Kinney*, 2019-Ohio-629.

{¶ 26} Because appellant has failed to demonstrate that counsel's performance was deficient, we need not consider whether there was prejudice. *Madrigal*, 87 Ohio St.3d at 389, 721 N.E.2d 52. Milancuk's first assignment of error is overruled.

{¶ 27} We turn now to Milancuk's second assignment of error.

**Manifest Weight**

{¶ 28} In his second assignment of error, Milancuk argues that his convictions are against the manifest weight of the evidence. Specifically, he argues that the state did not, and cannot, prove that it was Milancuk who shared the files

given that the IP address and computer in question could have been accessed by Milancuk's roommates. While his arguments are not without some merit, the weight of the evidence in this case supports his convictions.

{¶ 29} In our manifest weight review of a bench trial verdict, we recognize that the trial court is serving as the factfinder, and not a jury:

> Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.

*State v. Bell*, 8th Dist. Cuyahoga No. 106842, 2019-Ohio-340, ¶ 41, citing *State v. Strickland*, 183 Ohio App.3d 602, 2009-Ohio-3906, 918 N.E.2d 170, ¶ 25 (8th Dist.). *See also State v. Kessler*, 8th Dist. Cuyahoga No. 93340, 2010-Ohio-2094, ¶ 13.

{¶ 30} A conviction should be reversed as against the manifest weight of the evidence only in the most "exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). In contrast to a challenge based on sufficiency of the evidence, a manifest weight challenge attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion at trial. *State v. Whitsett*, 8th Dist. Cuyahoga No. 101182, 2014-Ohio-4933, ¶ 26, citing *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541; *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13. We find that this was not one of those "exceptional cases" that require reversal. The state met its burden here.

{¶ 31} Milancuk admitted to downloading and viewing child pornography in the past, while neither of his roommates admitted to doing the same. Milancuk's computer was also the only electronic device found in the house with the peer-to-peer software used to send files to the ICAC. Finally, Milancuk admitted that neither of his roommates used his desktop computer where the child pornography files were found.

{¶ 32} Based on our review of the entire record in this case, weighing the strength and credibility of the evidence presented and the inferences to be reasonably drawn therefrom, we cannot say that the conviction is against the manifest weight of the evidence.

{¶ 33} Milancuk's second assignment of error is overruled.

{¶ 34} For the foregoing reasons, we find that Milancuk's counsel was not ineffective in not filing a motion to suppress and that his conviction was not against the manifest weight of the evidence. The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN T. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR